878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lydia T. McVey, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 89-3020.
 United States Court of Appeals, Federal Circuit.
 June 8, 1989.
 
 Before BISSELL, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Lydia T. McVey, seeks review of a final decision of the Merit Systems Protection Board (MSPB), docket No. AT07528810251, dismissing as untimely her appeal of her removal from her position as Clerk Typist, GS-322-03, by the Department of the Army. We affirm.
 
 OPINION
 
 2
 Petitioner was an Army civilian employee. Her appeal of her separation to the MSPB was only one day late. She was given an opportunity to show why the lateness should be waived, but failed to establish "good cause" and the administrative law judge (ALJ) accordingly dismissed her appeal. She met (through an American Federation of Government Employees (AFGE) representative) the time requirements in a contemporaneous grievance proceeding, but said she did not have AFGE representation before the MSPB while the 20 days for appeal were running, and her own emotional and physical state precluded effective representation of herself. She had just recently had a baby. She did have AFGE assistance with the waiver petition, and we are compelled to suppose the best possible case was made for her then.
 
 
 3
 The decision could easily have gone the other way, but we fail to perceive on our examination any fact finding not supported by substantial evidence, or any conclusion we could call arbitrary, capricious, or an abuse of discretion. On the basis of the ALJ's opinion, and on the legal limits to the scope of our review, we affirm.